IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ALBERT LEE WHITE, III,

Plaintiff

VS.

SUPERIOR COURT OF IRWIN CO.,

Defendant

CIVIL ACTION NO. 7:05-cv-54(HL)

**O R D E R**

Plaintiff **ALBERT LEE WHITE, III**, an inmate at Coastal State Prison in Garden City, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams*** , 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

***B. General Requirements of 42 U.S.C. § 1983***

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

***II. BACKGROUND***

Plaintiff claims that he was arrested on August 20, 1999, on charges of armed robbery. During the course of his arrest, officers found $88.00 in cash in plaintiff's pocket and seized it, allegedly to be held "as evidence." According to plaintiff, the charges against him were ultimately dropped, but the money was never returned to him. Plaintiff further alleges that he wrote the Clerk

of the Superior Court of Irwin County about recovering his confiscated money. The Clerk wrote back that the money was being "held by order of the Superior Court Judge Harvey Davis until [it] is determined who it rightfully belongs to." It is unclear, but apparently forfeiture proceedings were never initiated against plaintiff's funds.

Plaintiff files this action seeking the return of his $88.00.

### *III. DISCUSSION*

#### *A. Named Defendant*

##### *1. Superior Court of Irwin County*

Plaintiff names as the sole defendant, the Superior Court of Irwin County. State governments are not "persons" who may be sued in an action brought under section 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989). Consequently, the Superior Court of Irwin County, which is an "arm of the state," and therefore equivalent to a state agency, is not a proper defendant. ***See id***. at 70 (holding that "arms of the State" for Eleventh Amendment purposes are not liable under section 1983); ***Howard v. Brown***, 738 F. Supp. 508, 510 (S.D. Ga. 1988).

#### *B. Property Rights*

In addition to plaintiff not having sued the appropriate defendant, a plaintiff cannot bring a section 1983 procedural due process claim for wrongful retention of his property where adequate post-deprivation remedies exist at the state level. ***See Lindsey v. Storey***, 936 F.2d 554, 560 (11th Cir. 1991) ("Even assuming the continued retention of plaintiff's personal property is wrongful, no procedural due process violation has occurred 'if a meaningful postdeprivation remedy for the loss is available'") (quoting ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984)). Under Georgia law, plaintiff

could have brought a civil action for wrongful conversion of personal property under O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property by police officers ... [and] provide[s] an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Plaintiff did not avail himself of this remedy[1]. Thus, he fails to allege a violation of his Fourteenth Amendment rights.

***IV. CONCLUSION***

In light of the foregoing, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 10th day of June, 2005.

**s/ Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

[1] The Court notes that plaintiff's state remedy might be time-barred now. O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within **four years** after the right of action accrued."